UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., <br><br>ex rel. LESLEY FERRARA, et al., <br><br>   Plaintiffs, <br><br> v. <br><br>NOVO NORDISK, INC., et al., <br><br>   Defendants. | Civil Action Nos. 11-74 (RBW) <br>11-1596 (RBW) <br>11-1662 (RBW) <br>13-221 (RBW) <br>13-1529 (RBW) <br>17-791 (RBW) |

**ORDER**

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court within the next thirty days, absent extraordinary circumstances, the Court will grant in part and deny in part Relator Kennedy's Motion for Immediate Award of Relator's Share, ECF No. 96. Accordingly, it is hereby

**ORDERED** that Relator Kennedy's Motion for Immediate Award of Relator's Share, ECF No. 96, is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that relator Kennedy requests that she be awarded a fifteen percent share of the Total Settlement Amount, as that term is defined in the Settlement Agreement executed by the United States of America, Novo Nordisk, Inc., and the relators in the above-captioned cases. The motion is **DENIED** in all other respects. It is further

**ORDERED** that this Order is not a final Order subject to appeal.[1]

---

[1] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is not a "final decision" as that term is used in 28 U.S.C. § 1291. See St. Marks Place Hous. Co. v. U.S. Dep't of Hous. & Urban Dev., 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); id. at 80 (concluding that "district courts can choose

(continued . . .)

**SO ORDERED** this 31st day of March 2019.

REGGIE B. WALTON<br>United States District Judge

---

( . . . continued)
when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word"). Rather, this Order reflects the Court's disposition of the motions, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a memorandum opinion which explains the Court's rationale in appropriate detail. With only non-substantive tasks (e.g., reviewing citations to ensure conformity with The Bluebook) remaining before the memorandum opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter. See id. (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").