# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br> *ex rel.* KENNEDY, <br><br> Plaintiff, <br><br> v. <br><br> NOVO A/S, *et al.* <br><br> Defendants. | Civil Action No. 13-1529 (RBW) |

## DECLARATION OF WILLIAM E. OLSON

I, William E. Olson, pursuant to 28 U.S.C. § 1746, duly swear under penalty of perjury the following:

1. Since July 2010, I have been a Trial Attorney with the United States Department of Justice ("DOJ"), Civil Division, Civil Frauds Section.

2. The DOJ Civil Division, Civil Frauds Section investigates and litigates cases under the civil False Claims Act ("FCA") and the Financial Institutions Reform, Recovery, and Enforcement Act.

3. The DOJ Civil Division, Civil Frauds Section, jointly with the civil division of the United States Attorney's Office for the District of Columbia ("USAO-DC"), led an investigation of the FCA allegations raised in this *qui tam* action, as well as the other related *qui tam* actions, brought against Novo Nordisk, Inc. ("Novo Nordisk").

4. The DOJ Consumer Protection Section, jointly with the USAO-DC, conducted an investigation, in parallel to the FCA investigation, into Novo Nordisk's conduct with respect to its promotion of Victoza focused on potential violations of the Food, Drug and Cosmetics Act.

5. Agents from the U.S. Department of Health and Human Services Office of Inspector General, United States Food and Drug Administration, Office of Criminal Investigations; the U.S. Department of Health and Human Services Office of Inspector General; the U.S. Department of Defense, Office of Inspector General, Defense Criminal Investigative Service; the Federal Bureau of Investigation, Washington Field Office; and Office of Personal Management, Office of Inspector General worked on the parallel investigations of Novo Nordisk.

6. Former DOJ Civil Division, Civil Frauds Section Trial Attorney Erica Blachman Hitchings was initially the assigned lead Civil Frauds Trial Attorney on the Novo Nordisk investigation.

7. I began working on the Novo Nordisk investigation on October 3, 2011, and subsequently became the lead Civil Frauds Trial Attorney on the Novo Nordisk investigation when Ms. Hitchings left the Civil Frauds Section.

8. As part of my regular responsibilities, I record the number of minutes spent working on specific *qui tam* actions or non-*qui tam* investigations.

9. From October 3, 2011, until July 26, 2017, the effective date of the FCA Settlement Agreement, I recorded 980 hours of time on this *qui tam* action.

10. During the investigation, Novo Nordisk produced over 3.5 million pages of material in response to subpoenas issued on February 9, 2011 and February 23, 2011.

11. Eight non-parties to the *qui tam* actions produced over 750,000 pages of material in response to subpoenas during the investigation.

12. We interviewed at least 27 former Novo Nordisk employees, other than the Relators, as part of the parallel Novo Nordisk investigations.

13. I attended in-person meetings with Novo Nordisk's counsel to discuss the substance of the investigation and/or potential resolution on April 2, 2013, May 30, 2013, September 16, 2013, May 28, 2014, April 27, 2015, June 8, 2015, July 24, 2015, and May 25, 2016. I also participated in phone calls with Novo Nordisk's counsel to discuss the substance of the investigation and/or potential resolution on June 11, 2015, November 4, 2015, April 18, 2016, August 29, 2016, September 28, 2016, and October 27, 2016.

14. During the course of the FCA investigation, I had periodic phone conversations with counsel for the Relators, including Elizabeth Kennedy's counsel, Sarah M. Frazier, about the status of the investigation and spoke with Relators' counsel about the proposed FCA Settlement.

15. I did not state in any of those conversations that any resolution of the investigation conducted in parallel to the FCA investigation would not include a monetary component.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of July 2019

_____
William E. Olson